**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL LEWIS and GENEVA D. LEWIS, individually, | |
| Plaintiffs, | No. 18-cv-50186 |
| v. | Judge Frederick J. Kapala |
| 300 WEST LLC, an Illinois limited liability company, *et al.*, | Magistrate Judge Iain D. Johnston |
| Defendants. | |

**DEFENDANT PRECISION CASTPARTS CORP.'S UNOPPOSED MOTION FOR**
**LEAVE TO EXCEED THE PAGE LIMIT FOR THE BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

Defendant Precision Castparts Corp. ("PCC"), by and through undersigned counsel, respectfully requests leave to file a brief in support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (or, in the alternative, Motion to Strike certain requests for relief under Rule 12) that exceeds the page limitation under Local Rule 7.1, and in support thereof state as follows.

1.      Plaintiffs filed this action against PCC and numerous other defendants on June 6, 2018, alleging violations of the federal Resource Conservation and Recovery Act ("RCRA"), as well as alleging PCC is liable for negligence, private nuisance, and trespass. *See generally* DE 1.

2.      The initial case management conference is set before this Court on October 4, 2018. DE 18.

3.      PCC's current deadline to answer or otherwise plead is September 28, 2018. DE 22-23. PCC has advised Plaintiffs it intends to file a motion to dismiss the entire complaint under Rule 12.

4.      Plaintiffs allege that PCC, along with the other defendants, are liable for contamination of their groundwater, soil, and potable well water at their home located in Marengo Illinois. DE 1 ¶¶ 1, 35. They allege the contaminants – dangerous chemicals that make their water unsafe for drinking – were released from a nearby facility which is currently owned by defendant 300 West LLC and operated by defendant Arnold Engineering Co. (the "Site"). *Id.* ¶¶ 2-3.

5.      The allegations in Plaintiffs' Complaint span over several decades, involving the alleged ownership, operation, and/or control of the Site over those years by some 15 different defendants. *See generally Complaint.*

6.      Plaintiffs seek injunctive relief as well as an award of compensatory and punitive damages relating to the alleged contamination from the Site. *Id.* ¶¶ 11-12.

7.      The underlying allegations in the Complaint – including the alleged contamination from the Site onto the Plaintiffs' property – are also the subject of a 2013 enforcement action filed by the State of Illinois (the "State Action"), which has already gone to judgment and remains pending in Illinois state court for post-judgment proceedings. *See People of the State of Ill. v. 300 West LLC & The Arnold Engineering Co.*, Case No. 13-CH-1046 (Circuit Court of the Twenty-Second Judicial District, McHenry County, Illinois). PCC intends to address in its motion to dismiss a number of procedural issues in Plaintiffs' Complaint based on the judgment already entered in the State Action.

8.      Accordingly, this action presents a highly complicated set of facts dating back decades, involving the legal relations and liabilities of 15 defendants, and involving a parallel state enforcement action that has been pending for five years and has already been reduced to judgment.

9.      PCC intends to move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, as well as under Rule 12(b)(6), both for failure to state a claim for which relief may be granted, and for failure to meet the minimum pleading requirements under Rule 8. Further, PCC intends to move to strike certain requests for relief if the Motion to Dismiss is not granted in full.

10.     Under Local Rule 7.1, no "brief in support of or in opposition to any motion" shall "exceed 15 pages without prior approval of the court."

11.     Given the overall complexity of this action, as described above, the factual and legal issues that PCC must address in its motion to dismiss (or in the alternative, to strike certain requests for relief) cannot be adequately covered in 15 pages.

12.     Accordingly, PCC respectfully seeks leave to file the brief in support of its consolidated motion in excess of the fifteen (15) page limit, not to exceed thirty (30) pages, in order to fully develop its arguments in favor of dismissal as to PCC.

13.     Counsel for PCC has conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the page limit extension requested.

        WHEREFORE, Defendant Precision Castparts Corp. respectfully requests this Court enter an order granting it leave to exceed the page limitation for its brief in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12 (or, in the alternative, its motion to strike certain requests for relief under Rule 12), said brief not to exceed 30 pages, and that the Court enter such additional relief as it deems just and proper.

Dated: September 13, 2018                   Respectfully submitted,

*/s/ Steven G. Trubac*
Susan E. Brice
Thor W. Ketzback
Steven Trubac
BRYAN CAVE LEIGHTON PAISNER LLP
161 N Clark Street, Ste 4300
Chicago, IL 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
susan.brice@bclplaw.com
thor.ketzback@bclplaw.com
steve.trubac@bclplaw.com

*Attorneys for Defendant Precision Castparts Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 13, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Steven Trubac*
Steven Trubac